DLD-015                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2319
_____

ARCHIE TINDELL,
                                                Appellant

v.

COMMONWEALTH OF PENNSYLVANIA;
DEPARTMENT OF CORRECTIONS;
SECRETARY JEFFREY A. BEARD;
SCI PINE GROVE;
FACILITY MANAGER BARRY J. JOHNSON;
NORTHUMBERLAND COUNTY JAIL
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-0689)
District Judge:  Honorable James M. Munley
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 21, 2010

Before:  BARRY, FISHER and STAPLETON , Circuit Judges

(Opinion filed: October 26, 2010)
_____

OPINION
_____

PER CURIAM

Pro se appellant Archie Tindell, an inmate at Northumberland County Prison,

appeals the District Court's dismissal of his complaint under 28 U.S.C. § 1915(e).  We

have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District

Court's order.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  For the reasons

detailed below, we will summarily affirm the District Court's judgment.

In his complaint, Tindell alleged that Jeffrey Beard, the secretary of

Pennsylvania's Department of Corrections; Barry Johnson, the facility manager of SCI-

Pine Grove; Ray Johnson, the warden of Northumberland County Prison; and Anthony

Rosini, the district attorney of Northumberland County, conspired to charge him with

assaulting another inmate and wrongly used that charge to keep him incarcerated beyond

the expiration of his maximum term of imprisonment.[1]  According to Tindell, in 2008, he

was charged by criminal complaint with assault.  Upon the subsequent completion of his

initial sentence (which he was serving at Pine Grove), rather than being released, he was

transferred to Northumberland — where his assault charge was (and is) pending.  Tindell

claimed that the criminal complaint, transfer, and pretrial detention were procedurally

and substantively invalid.  He asserted claims of false imprisonment and malicious

prosecution under 28 U.S.C. § 1983, as well as various state law claims, and sought both

release from Northumberland and money damages.  He also filed a motion to proceed in

---

[1] Although Tindell listed the Commonwealth of Pennsylvania's Department of
Corrections (DOC) in the caption of his complaint, the parties enumerated above are
the only ones that Tindell demanded relief from and listed in the "parties" section of
the complaint.  In any event, under the Eleventh Amendment, states and state agencies
are immune from suit in federal court.  See, e.g., Lavia v. Pa. Dep't of Corr., 224 F.3d
190, 195 (3d Cir. 2000).  Accordingly, any claim against the DOC is barred by the

<u>forma pauperis</u>.

The District Court granted Tindell's <u>in forma pauperis</u> motion, but then dismissed the complaint <u>sua sponte</u> pursuant to 28 U.S.C. § 1915(e). The Court held that Tindell's claims against Rosini failed because Rosini was entitled to absolute immunity for his role in prosecuting Tindell. The Court concluded that Tindell had failed to state a claim against Barry Johnson, Ray Johnson, and Beard for two reasons. First, the Court held that Tindell's complaint as to those appellees did not allege the requisite personal involvement in the alleged misconduct, but instead improperly sought to impose liability solely due to their supervisory roles in the prison system. Second, the Court held that Tindell failed to plead his conspiracy claim with sufficient particularity. The Court also dismissed Tindell's claim seeking immediate release, concluding that that remedy was available only through habeas corpus proceedings and not under § 1983. Finally, the Court concluded that any amendment would be futile and thus dismissed the complaint without leave to amend.

We conclude that the District Court was correct to dismiss Tindell's complaint. To the extent, if any, that Tindell seeks release from detention, he advances no cognizable § 1983 claim but is instead asserting a claim that properly lies within the realm of habeas corpus. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 499 n.14 (1973); <u>see also</u> <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 78 (2005).

Tindell's claims against Rosini also fail. It is well established that prosecutors

_____

1    Eleventh Amendment.

sued under § 1983 enjoy absolute immunity for their conduct in "initiating a prosecution and in presenting the State's case." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). This immunity extends to any acts the prosecutor undertakes "as the state's 'advocate,'" Yarris v. County of Delaware, 465 F.3d 129, 136 (3d Cir. 2006), and is not defeated by allegations that the prosecutor acted in bad faith, see Ernst v. Child & Youth Servs., 108 F.3d 486, 502 (3d Cir. 1997), or "commit[ted] perjury or falsifie[d] evidence," Davis v. Grusemeyer, 996 F.2d 617, 630 n.27 (3d Cir. 1993), overruled on other grounds by Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644 (3d Cir. 1998). Therefore, Rosini is entitled to absolute immunity for his decision to file a criminal complaint against Tindell. See Imbler, 424 U.S. at 421. Rosini is similarly immune from liability for his role (after the criminal complaint was filed against Tindell) in transferring Tindell to Northumberland in anticipation of his state trial. See Pinaud v. County of Suffolk, 52 F.3d 1139, 1150 (2d Cir. 1995) (holding that prosecutor is entitled to immunity for his involvement in the transfer of a prisoner in federal custody to state custody for purposes of attending trial in state court). Therefore, Tindell has failed to state a cognizable claim against Rosini.

Further, although Tindell has named Jeffrey Beard, Barry Johnson, and Roy Johnson as defendants, he has failed to allege that those parties were personally involved in the alleged misconduct. Instead, he seeks to hold them liable solely on the basis of their supervisory positions. See Compl. at 2 (claiming that Beard "is legally responsible for the overall operations of all correctional facilities" in Pennsylvania); id. (claiming that

4

Barry Johnson "is legally responsible for the overall operation[,] care, custody and control of all prisoners housed" at Pine Grove); id. (claiming that Roy Johnson "is legally responsible for the overall operation" of Northumberland). However, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Thus, Tindell's theory as to these defendants is not cognizable under § 1983.

Finally, we discern no error in the District Court's determination that amendment to the complaint would be futile. Tindell's claim against Rosini fails as a legal matter, and his allegations against the other defendants rely on an invalid theory. We note also that Tindell has not elaborated upon these allegations in his informal brief, but has instead merely reiterated his deficient claims. Therefore, we conclude that the District Court did not err in refusing to permit amendment.[2]

Accordingly, we will affirm the District Court's order.

---

[2] In light of Tindell's failure to state a viable claim for relief under federal law, we understand the District Court to have declined to exercise supplemental jurisdiction over Tindell's state law claims. Such a course was within the Court's discretion. See 28 U.S.C. § 1367(c)(3); Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 181 (3d Cir. 1999). We note, however, that this dismissal is without prejudice to Tindell's right to re-file in state court. See Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009).